UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ESPERANZA WILSON, HUMBERTO BORROTO                   Case No.:

Plaintiff, and all others similarly situated under 29 U.S.C. 216(B),

vs.

EMPIRE CONSTRUCTION, INC.
AYAN GONZALEZ

Defendants.
_____/

## COMPLAINT UNDER 29 U.S.C. 201- 216
## OVERTIME WAGE VIOLATION

COMES NOW Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for the Plaintiff. The individual Defendant GONZALEZ is the corporate officer of the Defendant Corporation EMPIRE CONSTRUCTION, INC. who runs the day-to-day operations of the Corporate Defendant for the relevant time period and was/were responsible for paying Plaintiff's wages for the relevant time period.

4. All acts or omissions giving rise to this dispute took place in Dade County.

**COUNT I. FEDERAL STATUTORY VIOLATION**
**(OVERTIME WAGE VIOLATION)**

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.

6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) that vests this action within a court of competent jurisdiction.

7. 29 U.S.C. § 206 (a) (1) states "… [e]very employer shall pay to each of his employees ….: (1) except as otherwise provided in this section, not less than - (A) $ 5.85 an hour, beginning on the 60th day after the date of enactment of the Fair Minimum Wage Act of 2007 [enacted May 25, 2007]; (B) $ 6.55 an hour, beginning 12 months after that 60th day; and (C) $ 7.25 an hour, beginning 24 months after that 60th day. From 1997 through July 23, 2007, the Federal Minimum Wage was $5.15 an hour. On July 24, 2007 the Federal Minimum Wage was increased for $5.85 an hour. On July 24, 2008 the Federal Minimum Wage was increased to $6.55 an hour. On July 24, 2009 the Federal Minimum Wage was increased to $7.25 an hour.

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. The Plaintiffs worked as roofers for the Defendants regularly for the relevant time period while he worked for the Defendants. Plaintiff WILSON began work for the

Defendants on or about September 4, 2008 through on or about November 7, 2008. Plaintiff BORROTO worked for the Defendants from on or about September 19, 2008 through on or about December 19, 2008.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials that Plaintiff used or transported on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant. Additionally, upon information and belief, the Defendant Corporations grossed over $500,000 annually for the relevant time period.

11. Plaintiff WILSON worked an average of 98 hours per week for the Defendants and was paid an average rate of $12.00 per hour but was not paid overtime wages as required by the Fair Labor Standards Act.

12. Plaintiff BORROTO worked an average of 98 hours per week for the Defendants and was paid an average rate of $20.00 per hour but was not paid overtime wages as required by the Fair Labor Standards Act.

13. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the law of the United States as set forth above and remains owing

Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs requests a trial by jury.*

### COUNT II. FLORIDA STATUTORY VIOLATION
### (OVERTIME WAGE VIOLATION)

**COMES NOW, Plaintiffs, by and through undersigned counsel, and readopt Paragraphs 1-13 and further state:**

14. This count is brought based on this Court's supplemental jurisdiction under 28 USC §1367.

15. Florida Statute 448.01 (2010) states "Ten hours of labor shall be a legal day's work, and when any person employed to perform manual labor of any kind by the day, week, month or year renders 10 hours of labor, he or she shall be considered to have performed a legal day's work … [T]he person employed shall be entitled to extra pay for all work performed by the requirement of his or her employer in excess of 10 hours' labor daily."

16. Plaintiff WILSON worked 14 hours a day, every day of the week, during the period of on or about September 4, 2008 through on or about November 7, 2008.

17. Plaintiff BORROTO worked 14 hours a day, every day of the week, during the period

of on or about September 19, 2008 through on or about December 19, 2008.

18. Plaintiff WILSON and BORROTO worked in excess of 10 hours, daily, and have not received any extra compensation in violation of Florida Statute 448.01.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Florida Statute as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant or, as much as allowed by the Florida Statutes along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs requests a trial by jury.*

**Respectfully submitted,**

**J.H. ZIDELL**
**ATTORNEY FOR PLAINTIFF**
**300 71st STREET #605**
**MIAMI BEACH, FLORIDA 33141**
**305-865-6766**
**F.B.N. 0010121**
**zabogado@aol.com**

*/s J.H. Zidell*
**J.H. ZIDELL**